MARY GLYNN
*vs.*
HOME OWNERS' LOAN CORPORATION ET AL.

Superior Court      Hartford County      File No. 63522

MEMORANDUM FILED OCTOBER 27, 1941.

*S. S. Googel* and *S. Gerard Casale,* of New Britain, for the Plaintiff.

*James T. Sullivan,* of Bozrahville, for the Defendants.

FOSTER, J.   On May 20, 1940, and for some years prior thereto, the defendant, Home Owners' Loan Corporation, was the owner of a dwelling house known as No. 41 City Avenue in the City of New Britain, and for several years prior to May 20, 1940, the defendant, Louie S. Jones Agency, Incorporated, was the duly appointed agent of Home Owners' Loan Corporation with authority to care for such property.   No. 41 City Avenue and No. 39 City Avenue constitute a duplex dwelling house for the accommodation of two families.   They are depicted in plaintiff's Exhibit A.   On September 18, 1937, the defendants leased unto George Ranaldi No. 41 City Avenue, and he was the lessee of such dwelling house on May 20, 1940.   On that day and for some years prior thereto, Frank Glynn and his wife, Mary Glynn, the plaintiff, and their son occupied the dwelling house No. 39 City Avenue. Five wooden steps led from the front porch of No. 41 City Avenue down to the sidewalk.

Prior to May 20, 1940, and after that date repairs to the steps were made by the owner and its agent, Jones Agency, thus evidencing control of the steps by the owner and its agent.   The defendants had known for some months prior to

May 20, 1940, that the lowest step in front of No. 41 City Avenue was out of repair. On May 20, 1940, at about 4 p.m., Glenn W. Jones, treasurer of the Jones Agency, had occasion to visit No. 41 City Avenue and noticed one of the steps was out of repair. He went to his automobile, secured hammer and nails and attempted to make temporary repairs of the step. At that time he noticed a little spring or give of one-half inch in the first step. He had known for a substantial period of time prior to this date that this step was out of repair, but the defendants had failed to make the necessary repairs.

The step in question is well depicted in plaintiff's Exhibit B. The weight of the first tread does not rest entirely on the first riser, which appears to be decayed, nor upon the piece of wood at the end, which appears to be missing. It rests largely on a carriage, so-called, under the tread. The fact remains that this tread and others had for a long time been in such a state of lack of repair that they sank or gave way appreciably when weight was put upon them.

The plaintiff, a woman now 41 years of age weighing 198 pounds, about 7 p.m. on May 20, 1940, left her home at No. 39 City Avenue and went to the home of Mrs. Ranaldi at No. 41 City Avenue. Her automobile was parked in front of her home, No. 39 City Avenue. Having concluded her call, she left the door of No. 41 City Avenue and came down the steps not in a straight line, but in a line to her left toward her automobile parked at the curb, intending to secure a package from there. When she reached what was in her position the left end of the lowest tread shown in plaintiff's Exhibit B, it sank or gave way under her, and she fell to the concrete sidewalk. It is true that she had often visited Mrs. Ranaldi and knew "that the steps were bad." For that very reason, according to her testimony, she used more than ordinary care in descending the steps. The law does not require that she should have walked straight down the middle of the steps. The law does require that she should have used reasonable care in descending the steps. Even if the steps were in a dangerous condition and the plaintiff knew of such dangerous condition, she had the right to use the steps, if, in so doing, she used reasonable care.

I find from all the evidence that the plaintiff in descending

the steps in a diagonal direction toward her automobile did use reasonable care. That the defendants owed a duty to the plaintiff to use reasonable care to maintain those steps in a reasonable state of repair for her use of the steps in the exercise of reasonable care, there can be no question. The defendants were in control of the steps and exercised such control. The defendant leased No. 41 City Avenue to the husband of Mrs. Ranaldi; Mrs. Ranaldi lived there with her husband; the plaintiff had called on Mrs. Ranaldi. The plaintiff was an invitee of the defendants. The defendants failed in their legal duty to the plaintiff.

The plaintiff fell hard upon her right side on the concrete sidewalk. She suffered a strain of the right sacro-iliac joint and of the muscles and ligaments of her right hip, and abra-sions of her right thigh and right knee and a bursitis of the patella of the right knee. There was ecchymosis of the right thigh and right knee. She was treated by Dr. Cook from May 20th to October 25th. She was unable to leave her home for 12 weeks, except as her husband assisted her to an automobile to take her to a doctor's office and return. She still suffers some pain at times. Her doctor's bill is $125; her bill for X-ray examination is $10; and her bill for extra help in her home is $40.

Judgment is rendered that the plaintiff recover from the defendants damages of $2,675.